# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-190-08 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| GREGORY LANE GOTT | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for reconsideration [Record Document 377], filed by the Government in the above-captioned case. In this motion, the Government asks the Court to reconsider its prior ruling wherein the Court granted Anthony Bender's ("Bender") motion for a bill of particulars [Record Document 339]. Although Bender has plead guilty and the Government's motion as to this Defendant is now moot, the motion is applicable to co-defendant Gregory Gott who adopted Bender's motions as his own. There is confusion in the record as to whether Gott's motion for a bill of particulars was granted by this Court. Out of an abundance of caution and for the following reasons, the Government's motion for reconsideration is **GRANTED**, and the motion for bill of particulars [Record Document 339] is **DENIED**.

In Bender's motion for bill of particulars, he asks the Court to order the Government to provide the following information: (1) the identity of other persons, other than co-defendants listed in the indictment, who are involved in the conspiracy charged in count one; (2) with respect to the conspiracy charged in count one, the words and conduct of

the defendant that the government claims constitute overt acts, and the time, date, and location of same; (3) with respect to count one, the precise manner in which the Government claims any alleged distribution by the defendant occurred; and (4) with respect to count one, the name and address of any other persons who were present at the time and scene of any alleged distribution by the defendant. See Record Document 339. The Government opposed the motion, arguing that open file discovery had been provided to all defendants and, thus, the defendants already had the requested information in their possession. The Government also contended that the defendants were not entitled to any additional specific information other than that previously disclosed. See Record Document 346.

The motion filed by Bender failed to articulate why a bill of particulars is necessary in this case, nor did it address whether the defendants will suffer any prejudice in the absence of the requested information. On January 10, 2012, the Court held a hearing on this and other motions filed by Bender. At the hearing, Bender's attorney, Harold Gilley, agreed that open file discovery had been provided. However, Mr. Gilley posited that a bill of particulars is necessary because he knew of only two instances of alleged drug distribution, and desired for the Government to either agree to limit its proof at trial to those two instances, or to produce evidence, including the names and details, of any other acts. Mr. Gilley also argued he was entitled to discover the names of persons involved in the two distribution instances of which he was aware, as well as the details relating to how the Government intended to introduce evidence regarding the seizure of drug funds.

During this hearing, Gregory Gott's ("Gott") counsel, Michael Vergis, represented that he had previously moved to adopt all motions filed by co-defendants in this case. Although this motion is reflected nowhere in the record- neither in the filing of a formal motion nor in minutes from various hearings- the Government agreed that such a motion had been made. Accordingly, Bender's motion for bill of particulars was adopted by Gott. At the hearing, Mr. Vergis relied on Mr. Gilley's arguments, adding only that in order to defend his client, he needed to know the exact dates of drug activities.

In opposition, the Government argued that the defendants were not entitled to know the names of its witnesses, other than those witnesses who had been or would be identified through the production of Brady or Giglio material. The Government also refused to limit its proof of distribution to the two incidents to which Mr. Gilley referred. The Government contended that the defendants had been provided all reports and all information relating to their respective drug activities, thus all of the factual details requested in the motion had already been produced through discovery. Finally, the Government argued that it is not required to divulge overt acts in a drug conspiracy.

After hearing argument from both sides, the Court orally granted Bender's motion for a bill of particulars. That ruling prompted the Government to file the instant motion for reconsideration. Since that time, Bender has entered a guilty plea, and consequently, the motion for reconsideration, insofar as it applies to him, is moot. However, because

Bender's motion for a bill of particulars was adopted by Gott, the related motion for reconsideration is applicable to his case.[1]

A bill of particulars is designed to apprise the defendant of the charges against him with sufficient detail to allow him to prepare his defense. See United States v. Kirkham, 129 F'Appx. 61, 71 (5th Cir. 2005) (citing United States v. Montemayor, 703 F.2d 109, 117 (5th Cir. 1983)). A defendant has no right to a bill of particulars. See United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980). Rather, the motion is addressed to the sound discretion of the district judge. See id. An indictment need not provide the defendant with the evidentiary details by which the government plans to establish his guilt. See United States v. Gordon, 780 F.2d 1165, 1172 (5th Cir. 1986). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." United States v. Moody, 923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.' " United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) (quoting United States v. Perez, 489 F.2d 51, 70–71 (5th Cir. 1973)). Indeed, discovery is not a permissible goal of a bill of particulars. See United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978). An indictment will be deemed adequate if: (1) it contains the elements of the charged offense; (2) fairly informs the defendant of the charge against him; and (3) ensures there is no risk of future

---

[1] The Court notes at the outset that because both Bender and Gott were included in the overall drug conspiracy charged in count one, the Court presumes that Gott is seeking the same "particulars" that Bender requested in his motion, specifically more information relating to other conspirators, overt acts, and the details related thereto.

prosecutions for the same offense.  See United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006).

With respect to the identity of other conspirators, the Fifth Circuit has instructed that there is generally no right to a list of names of government witnesses through a bill of particulars.  See United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976).  Thus, a motion for a bill of particulars should be denied when its sole purpose is to obtain a list of government witnesses.  However, a bill of particulars is the proper procedure for the defendant to discover the name of an unindicted alleged co-conspirator, if the government intends to call such a person as a witness at trial.  See United States v. Hughes, 817 F.2d 268, 272 (5th Cir. 1987) (citing United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir. 1979).

With respect to overt acts, unlike under the general conspiracy statute (Title 18, United States Code, Section 371), the government need not prove an overt act by the defendant in furtherance of a drug conspiracy.  See United States v. Shabani, 513 U.S. 10, 14, 115 S.Ct. 382, 383 (1994); United States v. Montgomery, 210 F.3d 446, 449 (5th Cir. 2000).  As such, a bill of particulars should not be employed to obtain evidence of overt acts, "as defendants are not entitled to discover all the overt acts that might be proved at trial."  United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978).  The trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial.  See Barrentine, 591 F.2d at 1077.  The Defendant must demonstrate that he will be prejudiced if he does not receive the information sought.  See id. at 1077.

In the instant case, the Court finds a bill of particulars unnecessary given the facts of this case. The Government has provided Gott with voluminous open file discovery, which is broader than that required by Federal Rule of Criminal Procedure 16. Thus, even if the indictment does not furnish enough information about the charges Gott faces, the fact that the Government has provided the necessary information in another satisfactory form obviates the need for a bill of particulars. See United States v. Kirkham, 129 F.App'x 61, 72 (5th Cir. 2005); United States v. Vasquez, 867 F.2d 872, 874 (5th Cir. 1989). Moreover, the Government is not obligated to produce evidence of overt acts for a drug conspiracy. Finally, Gott has not explained why the indictment, which tracks the language of the statute, is insufficient to give him notice of the offense charged without the requested information, nor has he explained why this information is necessary to prepare for trial. In short, the defendant has failed to establish with any specificity that the particulars he requests are necessary to avoid surprise at trial or that he will suffer prejudice in the absence of this information. For these reasons, the motion for bill of particulars [Record Document 339] be and is hereby **DENIED**.

THUS DONE AND SIGNED in Shreveport, Louisiana this 28th day of February, 2012.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE